IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18–CR-30102-NJR |
| | ) | |
| | ) | |
| KYLE MATTHEWS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Reconsider Due to Manifest Error of Law filed by Defendant Kyle Matthews (Doc. 50). Matthews argues that the Court committed a manifest error of law in denying his motion to suppress evidence (Docs. 28, 48). Specifically, Matthews asserts the Court improperly relied on Detective Becherer's subjective belief and materials not presented to the reviewing judge in finding that the good faith exception to the exclusionary rule, as found in *United States v. Leon*, 468 U.S. 897, 923 (1984), applied in this instance. The Government did not respond to the motion. For the reasons set forth below, the Court agrees with Matthews that an error was made but, nevertheless, finds that the motion should be denied.

Motions to reconsider are permitted in criminal cases and may be filed to allow district courts the opportunity to promptly correct errors. *United States v. Healy*, 376 U.S. 75, 77 (1964); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). "The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir.

2003). A manifest error of law warranting relief "is not demonstrated by the disappointment of the losing party" and instead means "wholesale disregard, misapplication, or failure to recognize controlling precedent" by a district court. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

On June 7, 2018, Matthews was indicted on three counts by a federal Grand Jury: illegal possession of a machine gun (Count 1); unlawful possession of an unregistered firearm silencer (Count 2); and unlawful possession of an unregistered short-barreled rifle (Count 3) (Doc. 1). On August 17, 2018, Matthews moved to suppress evidence obtained during a search of his residence and several surrounding structures on the property located at 21000 North Emerald Road in Keyesport, Illinois (Doc. 28). Matthews argued that the search warrant was defective and violated his Fourth Amendment rights because a "bare bones affidavit" by Detective Charles Becherer of the Clinton County Sheriff's Office was insufficient to establish probable cause to search the premises. Matthews asserted the affidavit made no nexus between himself, the alleged illegal activity, and any—much less *all*—of the buildings located at 21000 North Emerald Road. For that same reason, Matthews argued, no reasonable officer could rely in good faith on the existence of probable cause in the affidavit, thereby rendering the good faith exception inapplicable.

On January 28, 2019, the undersigned denied Matthews's motion (Doc. 48). The Court first found that Detective Becherer's affidavit and testimony before the state court judge failed to establish probable cause because it did not provide any factual basis for Detective Becherer's belief that Matthews lived at 21000 North Emerald Road, nor did it create a link between any alleged illegal activity and 21000 North Emerald Road.

Nevertheless, the Court found *Leon*'s good faith exception to the exclusionary rule applied because Detective Becherer had knowledge from his interview of Michael Long that Matthews: lived in a camper at 21000 North Emerald Road, had access to the adjoining structures, and generally had free reign of the property; brought a pipe bomb into O'Reilly's and discussed targets for detonating it; possessed materials to make explosives; was known on the street to have explosives; and, only days earlier, detonated a bomb in Keyesport. The Court surmised that, while Detective Becherer did not articulate how he knew the information about Matthews's residence and access to the structures, the exigency of the situation may have contributed to that oversight. Accordingly, the Court concluded that Detective Becherer relied in good faith on the invalid warrant when he reasonably could have believed "the materials presented to the magistrate judge were sufficient to establish probable cause." The Court did not address whether the affidavit and supporting testimony were so lacking in indicia of probable cause that reliance on the warrant was objectively unreasonable.

The Court now recognizes that subjective analysis was wrong under Seventh Circuit precedent. As explained in *United States v. Koerth*, a district judge cannot consider documents that were <u>not presented</u> to the warrant-issuing judge, for the good faith reliance test is an objective one. *United States v. Koerth*, 312 F.3d 862, 871 (7th Cir. 2002) (the probable-cause determination is based solely on the information presented to the judge during the warrant application process); *see also United States v. Bynum*, 293 F.3d 192, 212 (4th Cir. 2002) (Michael, J., dissenting) ("In sum, the government cannot establish an officer's objective good faith under *Leon* by producing evidence of facts known to the officer but not disclosed to the magistrate."). Thus, the Court should not have considered

the information Detective Becherer knew from his interview of Long but did not explain to the judge.

Still, the outcome is the same. Analyzing the evidence under the appropriate standard, the Court finds that the affidavit and supporting testimony were not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923; *see also Bynum*, 293 F.3d at 195 (*Leon* prevents a finding of objective good faith only where an officer's affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," a less demanding showing than the "substantial basis" threshold required to prove the existence of probable cause in the first place).

Detective Becherer appeared before the state court judge along with Michael Long, the witness who reported Matthews to the police. Long testified that he saw Matthews with a pipe bomb inside an O'Reilly's Auto Parts store and overheard him discussing public places to detonate it including a school, church, a car dealership, and another auto parts store (Doc. 29-3, pp. 3-6). Long also testified that Matthews told him he had detonated a bomb in the Keyesport area on March 30, 2018 (*Id.*). Long explained that he came forward with this information as a concerned citizen because has a wife and small child and he works in the area (*Id.*).

Detective Becherer then testified that he had corroborated Long's information about a bomb being detonated in Keyesport by way of a prior independent complaint to the police about a large explosion in the area on March 30, 2018 (*Id.*, p. 7). In his affidavit, Detective Becherer noted the caller lived approximately 1.5 miles from Matthews's residence. Detective Becherer also told the judge that a sergeant with the Clinton County

Sheriff's Office said the "word on the street" was that Matthews was in possession of explosives and that an officer with the Carlyle Police Department found social media postings where Matthews indicated he possessed explosives or materials for making explosives (*Id.*, p. 8). Detective Becherer explained to the judge that he intended to search the entire property at 21000 North Emerald Road because it was his understanding that Matthews had access to all those places (*Id.*, pp. 8-9). While Detective Becherer did not expressly state that it was Long who told him Matthews lived at and had access to all structures at 21000 North Emerald Road in Keyesport, he did state that said premises were believed to be Matthews's residence based on information he obtained through "personal interviews" and/or through other law enforcement officers, and he testified that he interviewed Long (Doc. 29-2; 29-3). Given the information that was presented to the judge, a reasonable officer could have believed that the facts set forth in the affidavit and supporting testimony were sufficient to support the judge's finding of probable cause.[1] *See Koerth*, 312 F.3d at 869.

For these reasons, the Motion to Reconsider Due to Manifest Error of Law filed by Defendant Kyle Matthews (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 9, 2019

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The Court further notes that, from this information, the judge reasonably could have inferred that there was a fair probability that evidence of a crime would be found at 21000 North Emerald Road. *See United States v. Zamudio*, 909 F.3d 172, 175 (7th Cir. 2018) ("issuing judges may draw reasonable inferences about where evidence is likely to be found based on the nature of the evidence and the offense"); *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010) ("we have made clear that direct evidence linking a crime to a particular place, while certainly helpful, is not essential to establish probable cause to search that place"). Of course, the Government has not asked the Court to reconsider its probable cause determination, given that it found the good faith exception applied.